UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------- X
:
AURELIUS CAPITAL PARTNERS, LP and AURELIUS :
CAPITAL MASTER, LTD.,                       :       07 Civ. 11327 (TPG)
:
Plaintiffs,             :
:
- against -               :       **ANSWER**
:
THE REPUBLIC OF ARGENTINA,                  :
:
Defendant.              :
:
----------------------------------------------------------------- X

   Defendant the Republic of Argentina (the "Republic"), as and for its answer to the Complaint dated December 17, 2007 (the "Complaint"), respectfully states as follows:

   1. Paragraph 1 of the Complaint purports to characterize the nature of the action brought, and accordingly, no responsive pleading is required.

   2. The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 2 of the Complaint, except admits that it entered into a Fiscal Agency Agreement dated as of October 19, 1994 (the "1994 FAA"). The Republic admits that Deutsche Bank is the current fiscal agent under the 1994 FAA.

   3. The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 3 of the Complaint.

   4. The Republic denies the allegations contained in Paragraph 4 of the Complaint, except admits that since December 2001 it has not paid interest or principal on nonperforming debt. To the extent Paragraph 4 of the Complaint sets forth conclusions of law, no responsive pleading is required. The Republic otherwise denies the allegations of Paragraph 4 of the Complaint.

5. Paragraph 5 of the Complaint constitutes a conclusion of law as to which no responsive pleading is required. Paragraph 5 of the Complaint otherwise purports to characterize the contents of written documents, which documents speak for themselves. The Republic denies such characterizations inconsistent with the contents of the referenced documents and refers to the documents cited in Paragraph 5 of the Complaint for their true and correct contents. The Republic otherwise denies the allegations of Paragraph 5 of the Complaint.

6. To the extent Paragraph 6 of the Complaint constitutes a conclusion of law, no responsive pleading is required. Paragraph 6 of the Complaint otherwise purports to characterize the contents of written documents, which documents speak for themselves. The Republic denies such characterizations inconsistent with the contents of the referenced documents and refers to the documents cited in Paragraph 6 of the Complaint for their true and correct contents. The Republic otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 6 of the Complaint.

7. Paragraph 7 of the Complaint purports to characterize the nature of the action brought, and accordingly, no responsive pleading is required. The Republic otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 7 of the Complaint.

8. The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 8 of the Complaint.

9. The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 9 of the Complaint.

10. Paragraph 10 of the Complaint constitutes a conclusion of law as to which no responsive pleading is required. The Republic otherwise admits that it is a foreign state as defined in 28 U.S.C. § 1603(a).

11. Paragraph 11 of the Complaint constitutes a conclusion of law as to which no responsive pleading is required. Paragraph 11 of the Complaint otherwise purports to characterize the contents of a written document, which document speaks for itself. The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 11 of the Complaint for its true and correct contents.

12. Paragraph 12 of the Complaint purports to characterize the contents of a written document, which document speaks for itself. The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the documents cited in Paragraph 12 of the Complaint for its true and correct contents.

13. Paragraph 13 of the Complaint constitutes a conclusion of law as to which no responsive pleading is required.

14. The Republic admits it entered into the 1994 FAA. Paragraph 14 of the Complaint otherwise purports to characterize the contents of a written document, which document speaks for itself. The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 14 of the Complaint for its true and correct contents.

15. Paragraph 15 of the Complaint purports to characterize the contents of written documents, which documents speak for themselves. The Republic denies such characterizations inconsistent with the contents of the referenced documents and refers to the documents cited in Paragraph 15 of the Complaint for their true and correct contents.

16. Paragraph 16 of the Complaint purports to characterize the contents of a written document, which document speaks for itself. The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 16 of the Complaint for its true and correct contents.

17. Paragraph 17 of Complaint purports to characterize the contents of a written document, which document speaks for itself. The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 17 of the Complaint for its true and correct contents.

18. Paragraph 18 of Complaint purports to characterize the contents of a written document, which document speaks for itself. The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 18 of the Complaint for its true and correct contents.

19. The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 19 of the Complaint, except admits that it issued bonds having ISINs US040114GG96 and US040114GH79. Paragraph 19 of the Complaint otherwise purports to characterize the contents of written documents, which documents speak for themselves. The Republic denies such characterizations inconsistent with the contents of the referenced documents and refers to the documents cited in Paragraph 19 of the Complaint for their true and correct contents.

20. The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 20 of the Complaint, except admits that it issued bonds having ISINs US040114GG96 and US040114GH79. Paragraph 20 of the Complaint otherwise purports to characterize the contents of written documents, which documents speak for themselves. The Republic denies such characterizations inconsistent with the contents of the referenced documents and refers to the documents cited in Paragraph 20 of the Complaint for their true and correct contents.

21. To the extent Paragraph 21 of the Complaint purports to characterize proceedings in a related action pending before the Court, the Republic denies such allegations to

the extent they mischaracterizes these proceedings. The Republic otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 21 of the Complaint.

22. To the extent Paragraph 22 of the Complaint constitutes a conclusion of law, no responsive pleading is required. To the extent that Paragraph 22 of the Complaint purports to characterize the contents of written documents, which documents speak for themselves, the Republic denies such characterizations inconsistent with the contents of the referenced documents and refers to the documents cited in Paragraph 22 of the Complaint for their true and correct contents. The Republic otherwise denies the allegations of Paragraph 22 of the Complaint.

23. To the extent that Paragraph 23 constitutes a conclusion of law, no responsive pleading is required. To the extent that Paragraph 23 of the Complaint purports to characterize the contents of written documents, which documents speak for themselves, the Republic denies such characterizations inconsistent with the contents of the referenced documents and refers to the documents cited in Paragraph 23 of the Complaint for their true and correct contents. The Republic otherwise denies the allegations of Paragraph 23 of the Complaint, except admits that since December 2001 it has not paid interest or principal on nonperforming debt.

24. The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 24 of the Complaint. To the extent Paragraph 24 of the Complaint purports to characterize the contents of written documents which documents speak for themselves, the Republic denies such characterizations inconsistent with the contents of the referenced documents and refers to the documents cited in Paragraph 24 of the Complaint for

their true and correct contents. To the extent that Paragraph 24 constitutes a conclusion of law, no responsive pleading is required.

25. To the extent Paragraph 25 of the Complaint constitutes a conclusion of law, no responsive pleading is required. To the extent that Paragraph 25 of the Complaint purports to characterize the contents of written documents, which documents speak for themselves, the Republic denies such characterizations inconsistent with the contents of the referenced documents and refers to the documents cited in Paragraph 25 of the Complaint for their true and correct contents. The Republic otherwise lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 25 of the Complaint.

26. The first sentence of Paragraph 26 of the Complaint purports to characterize proceedings in related actions pending before the Court. The Republic denies the allegation in the first sentence of Paragraph 26 to the extent it mischaracterizes these proceedings. The second sentence of Paragraph 26 of the Complaint constitutes a conclusion of law as to which no responsive pleading is required.

27. Paragraph 27 of the Complaint constitutes a conclusion of law as to which no responsive pleading is required. Paragraph 27 of the Complaint otherwise purports to characterize the contents of written documents, which documents speak for themselves. The Republic denies such characterizations inconsistent with the contents of the referenced documents and refers to the documents cited in Paragraph 27 of the Complaint for their true and correct contents.

28. Paragraph 28 of the Complaint constitutes a conclusion of law as to which no responsive pleading is required. The Republic otherwise denies the allegations of Paragraph 28 of the Complaint.

### First Affirmative Defense

29. The Complaint fails to state a claim upon which relief may be granted.

### Second Affirmative Defense[1]

30. Plaintiffs' claim is barred by the act of state doctrine.

### Third Affirmative Defense

31. To the extent plaintiffs are not acting in good faith in commencing and prosecuting this action, they are barred from enforcing any rights it may otherwise have.

### Fourth Affirmative Defense

32. Plaintiffs' claim is barred by the doctrine of unclean hands.

### Fifth Affirmative Defense

33. Plaintiffs' claim is barred by the doctrine of abuse of rights.

### Sixth Affirmative Defense

34. Plaintiffs' claim is barred by N.Y. Judiciary Law Section 489.

### Seventh Affirmative Defense

35. Plaintiffs' interest claim, if any, arising before December 17, 2002 is barred in part by the applicable statute of limitations/prescription period.

---

[1] The Republic recognizes that the Court has addressed the Second and Fifth Affirmative Defenses listed herein. See Lightwater Corp. Ltd. v. Republic of Argentina, 02 Civ. 3804 (TPG), 2003 WL 1878420, at *5 (S.D.N.Y. Apr. 14, 2003). The Republic pleads these Affirmative Defenses here to preserve them for potential appellate review. In connection with the Sixth Affirmative Defense facts may exist in the present case that were not before the Court in the cases covered by the Lightwater and EM Ltd. v. Argentina, 03 Civ. 2508 (TPG), 2003 WL 22120745, (S.D.N.Y. Sept. 12, 2003) (amended Sept. 16, 2003) Orders.

## Eighth Affirmative Defense

36.     Plaintiffs lack standing and/or capacity to sue, because they are not holders of bonds within the meaning of the 1994 FAA.

WHEREFORE, the Republic respectfully requests that the Court enter an order:

(a)     dismissing plaintiffs' claims with prejudice;

(b)     awarding the Republic costs and disbursements, including reasonable attorneys' fees; and

(c)     granting the Republic such other and further relief as the Court may deem just and proper.

Dated: New York, New York
       February 15, 2008

CLEARY GOTTLIEB STEEN & HAMILTON LLP

By: _____
    Jonathan I. Blackman (jblackman@cgsh.com)
    Carmine D. Boccuzzi (cboccuzzi@cgsh.com)

One Liberty Plaza
New York, New York 10006
(212) 225-2000

Attorneys for the Republic of Argentina