CONFIDENTIAL — SUBJECT TO COURT ORDER

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AURELIUS CAPITAL PARTNERS, LP and AURELIUS CAPITAL MASTER, LTD.,<br><br>Plaintiffs,<br><br>- against -<br><br>THE REPUBLIC OF ARGENTINA,<br><br>Defendant. | 07 Civ. 11327 (TPG)<br><br>**PLAINTIFFS' LOCAL CIVIL RULE 56.1 STATEMENT OF MATERIAL FACTS AS TO WHICH THERE IS NO GENUINE ISSUE TO BE TRIED** |

Pursuant to Local Civil Rule 56.1, plaintiffs Aurelius Capital Partners, LP ("ACP") and Aurelius Capital Master, Ltd. ("ACM") (together, the "Aurelius Plaintiffs") submit the following statement of material facts as to which there is no genuine issue to be tried.

1. ACP is the beneficial owner of $31,153,000 in original principal amount of debt securities at issue in this action issued by the Republic of Argentina, together with all accrued and unpaid interest, including capitalized interest, thereon. (*See* Declaration of Mark D. Brodsky dated April 28, 2008 ("Brodsky Decl.") ¶¶ 3-4, 9-10 & **REDACTED**

ACM is the beneficial owner of $25,772,000 in original principal amount of debt securities at issue in this action issued by the Republic of Argentina, together with all accrued and unpaid interest, including capitalized interest, thereon. (*See* Brodsky Decl. ¶¶ 3, 5, 9-10 & **REDACTED**

**CONFIDENTIAL — SUBJECT TO COURT ORDER**

2. The debt securities beneficially owned by the Aurelius Plaintiffs are governed by a Fiscal Agency Agreement between the Republic of Argentina and Bankers Trust Company, as Fiscal Agent, dated October 19, 1994 (the "Fiscal Agency Agreement" or "FAA") which sets forth, among other things, contractual terms governing securities to be issued by the Republic of Argentina pursuant to the 1994 Fiscal Agency Agreement. (Brodsky Decl. ¶ 3 & Ex. A (FAA).)

3. ACP is the beneficial owner of the following debt securities at issue in this action issued pursuant to the Fiscal Agency Agreement, in the principal amounts stated:

    (a) $17,850,000 in original principal amount of the Global Bonds due June 19, 2018 (the "2018 Global Bonds"), bearing interest at 12.25%, ISIN No. US040114GG96; issued pursuant to the FAA and a prospectus supplement dated May 28, 2001 (*see id.* ¶ 4 & Exs. B, D, E); and

    (b) $13,303,000 in original principal amount of the Global Bonds due June 19, 2031 (the "2031 Global Bonds"), bearing interest at 12%, ISIN No. US040114GH79; issued pursuant to the FAA and a prospectus supplement dated May 28, 2001 (*see id.* ¶ 4 & Exs. B, D, E).

4. ACM is the beneficial owner of the following debt securities at issue in this action issued pursuant to the Fiscal Agency Agreement, in the principal amounts stated:

    (a) $9,150,000 in original principal amount of the 2018 Global Bonds (*see* Brodsky Decl. ¶ 5 & Exs. B, D, F); and

    (b) $16,622,000 in original principal amount of the 2031 Global Bonds (*see* Brodsky Decl. ¶ 5 & Exs. B, D, F).

5. The 2018 Global Bonds and the 2031 Global Bonds (together, the "Debt Securities") are "direct, unconditional, unsecured and unsubordinated obligations of the Republic." (Brodsky Decl. Ex. A, at A-7.)

CONFIDENTIAL — SUBJECT TO COURT ORDER

6. The Republic of Argentina has waived sovereign immunity and consented to the jurisdiction of this Court with respect to actions arising out of or based on the Debt Securities issued pursuant to the Fiscal Agency Agreement by holders of Debt Securities issued thereunder. (Brodsky Decl. Ex. A § 22, at 29-30.)

7. The Republic of Argentina agreed that the Fiscal Agency Agreement and the provisions of the Debt Securities that are relevant here shall be governed by and construed in accordance with the laws of the State of New York. (Brodsky Decl. Ex. A § 23, at 30; *id.* Ex. A (FAA Ex. A (Form of Registered Security)), at A-17.)

8. Under section 12(a) of the Fiscal Agency Agreement, an Event of Default occurs if "the Republic fails to pay any principal of any of the Securities of [a] Series [issued under the 1994 Fiscal Agency Agreement] when due and payable or fails to pay any interest on any of the Securities of such Series when due and payable and such failure continues for a period of 30 days." (Brodsky Decl. Ex. A § 12, at 17.)

9. Under section 12(d) of the Fiscal Agency Agreement, an Event of Default occurs if "a moratorium on the payment of principal of, or interest on, the Public External Indebtedness of the Republic shall be declared by the Republic." (Brodsky Decl. Ex. A § 12, at 18.)

10. Section 12 of the 1994 Fiscal Agency Agreement provides that if an Event of Default pursuant to section 12(a) and (d) occurs for a Series of securities, "each holder of securities of such Series may by such notice in writing declare the principal amount of Securities of such Series held by it to be due and payable immediately, and upon any such declaration the same shall become and shall be

immediately due and payable upon the date that such written notice is received by the Republic . . ." (Brodsky Decl. Ex. A § 12, at 18.)

11.     The Republic of Argentina is contractually required to pay interest on the Debt Securities twice each year on June 19 and December 19, commencing on December 19, 2006, until the principal of the Debt Securities is paid. (*See* Brodsky Decl. Ex. B, at S-8).

12.     By Notice of Acceleration dated December 14, 2007, the Aurelius Plaintiffs declared the principal amounts of the 2018 Global Bonds and the 2031 Global Bonds that are beneficially owned by the Aurelius Plaintiffs at issue in this action to be immediately due and payable pursuant to the Fiscal Agency Agreement and the applicable prospectus supplement. (*See* Brodsky Decl. ¶ 8 & Ex. C.) That notice was delivered to the Fiscal Agent on December 14, 2007, and, pursuant to section 12 of the 1994 Fiscal Agency Agreement, was effective immediately. (Brodsky Decl. Ex. A § 12, at 18; *id.* ¶ 8 & Ex. C.) Accordingly, the entire principal amounts of the 2018 Global Bonds and the 2031 Global Bonds that are beneficially owned by the Aurelius Plaintiffs, together with all accrued and unpaid interest thereon, including capitalized interest, are currently due and payable.

13.     On or about December 24, 2001, the Republic of Argentina declared a moratorium on the payment of interest and principal with respect to its external debt. (Brodsky Decl. ¶ 7.) *See also, e.g., Million Air Corp.* v. *Republic of Arg.*, No. 04 Civ. 1048 (TPG), 2005 WL 2656126, at *3 (S.D.N.Y. Oct. 17, 2005); *Mazzini* v. *Republic of Arg.*, No. 03 Civ. 8120 (TPG), 2005 WL 743090, at *1 (S.D.N.Y. Mar. 31, 2005); *Allan Applestein TTEE FBO B.C. A.* v. *Republic of Arg.*, No. 02 Civ. 4124 (TPG),

CONFIDENTIAL — SUBJECT TO COURT ORDER

2003 WL 22743762, at *2 (S.D.N.Y. Nov. 20, 2003); *EM Ltd. v. Republic of Arg.*, No. 03 Civ. 2507 (TPG), 2003 WL 22120745, at *2 (S.D.N.Y. Sept. 12, 2003); *Lightwater Corp. v. Republic of Arg.*, Nos. 02 Civ. 3804, 3808 & 5932 (TPG), 2003 WL 1878420, at *2 (S.D.N.Y. Apr. 14, 2003). Since that time, the Republic of Argentina has made no payments of interest or principal on the Debt Securities beneficially owned by the Aurelius Plaintiffs. (Brodsky Decl. ¶ 7.)

14. The Republic of Argentina's failure to pay interest or principal on the Debt Securities beneficially owned by the Aurelius Plaintiffs when due and payable, and for 30 days afterwards, constitutes an Event of Default under the Fiscal Agency Agreement. (Brodsky Decl. Ex. A § 12, at 17.) That Event of Default is continuing.

15. The declaration of a moratorium by the Republic of Argentina in December 2001 on the payment of its external debt also constituted an Event of Default under the Fiscal Agency Agreement. (Brodsky Decl. Ex. A § 12(d), at 18.) That Event

**REDACTED**

CONFIDENTIAL — SUBJECT TO COURT ORDER

**REDACTED**

18.     Cede & Co., as holder of record of the Debt Securities and the nominee and alter ego of The Depository Trust Company, has authorized Goldman Sachs, as Participant, "to commence and prosecute litigation, arbitration or other dispute resolution procedures against the Republic of Argentina" with respect to each of the Debt Securities that the Aurelius Plaintiffs beneficially own. (Brodsky Decl. ¶ 11 & Ex. G.)

19.     Goldman Sachs, in turn, has authorized the Aurelius Plaintiffs, as beneficial owners of the Debt Securities at issue in this litigation, "to commence and prosecute litigation, arbitration, or other dispute resolution procedures against the Republic of Argentina." (Brodsky Decl. ¶ 12 & Ex. H.)

20.     The Aurelius Plaintiffs have standing to bring this action.

21.     The Aurelius Plaintiffs commenced this action within any potentially applicable period of prescription or limitation.

22.     The Republic of Argentina has breached its contractual obligations to the Aurelius Plaintiffs under the Fiscal Agency Agreement, and has caused Events of Default under that instrument to occur, by failing to pay interest, including capitalized interest, on the Debt Securities when due and payable and for a period of 30 days thereafter; by failing to pay the principal amount of the Debt Securities when due and payable; and by declaring a moratorium on the payment of its external debt. These breaches of contract and Events of Default are continuing.

**CONFIDENTIAL — SUBJECT TO COURT ORDER**

23.  ACP is entitled to summary judgment against the Republic of Argentina awarding ACP damages in the amount of $31,153,000, together with all accrued and unpaid interest, including capitalized interest, and prejudgment interest. ACM is entitled to summary judgment against the Republic of Argentina awarding ACM damages in the amount of $25,772,000, together with all accrued and unpaid interest, including capitalized interest, and prejudgment interest.

Dated:  New York, New York
        April 28, 2008

        Respectfully submitted,

        PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

By: _____
    Walter Rieman (wrieman@paulweiss.com)
1285 Avenue of the Americas
New York, New York 10019-6064
(212) 373-3000

Attorneys for Plaintiffs