UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| AURELIUS CAPITAL PARTNERS, LP and AURELIUS CAPITAL MASTER, LTD., <br><br> Plaintiffs, <br><br> v. <br><br> THE REPUBLIC OF ARGENTINA, <br><br> Defendant. | No. 07 Civ. 2715 (TPG) |
| AURELIUS CAPITAL PARTNERS, LP and AURELIUS CAPITAL MASTER, LTD., <br><br> Plaintiffs, <br><br> v. <br><br> THE REPUBLIC OF ARGENTINA, <br><br> Defendant. | No. 07 Civ. 11327 (TPG) |
| BLUE ANGEL CAPITAL I LLC, <br><br> Plaintiff, <br><br> v. <br><br> THE REPUBLIC OF ARGENTINA, <br><br> Defendant. | No. 07 Civ. 2693 (TPG) |

(*captions continue on the following pages*)

JOINDER OF BARCLAYS BANK PLC
AND BARCLAYS CAPITAL INC.
TO THE CITI ENTITIES' MOTION FOR A STAY

|  |  |
|---|---|
| AURELIUS CAPITAL MASTER, LTD. and ACP MASTER, LTD.,<br><br>　　　　　　　　　　Plaintiffs,<br><br>　　　　v.<br><br>THE REPUBLIC OF ARGENTINA,<br><br>　　　　　　　　　　Defendant. | No. 09 Civ. 8757 (TPG) |
| AURELIUS CAPITAL MASTER, LTD. and ACP MASTER, LTD.,<br><br>　　　　　　　　　　Plaintiffs,<br><br>　　　　v.<br><br>THE REPUBLIC OF ARGENTINA,<br><br>　　　　　　　　　　Defendant. | No. 09 Civ. 10620 (TPG) |
| AURELIUS OPPORTUNITIES FUND II, LLC and AURELIUS CAPITAL MASTER, LTD.,<br><br>　　　　　　　　　　Plaintiffs,<br><br>　　　　v.<br><br>THE REPUBLIC OF ARGENTINA,<br><br>　　　　　　　　　　Defendant. | No. 10 Civ. 1602 (TPG) |

|  |  |
|---|---|
| AURELIUS OPPORTUNITIES FUND II, LLC and AURELIUS CAPITAL MASTER, LTD.,<br><br>     Plaintiffs,<br><br>   v.<br><br>THE REPUBLIC OF ARGENTINA,<br><br>     Defendant. | No. 10 Civ. 3507 (TPG) |
| AURELIUS CAPITAL MASTER, LTD. and AURELIUS OPPORTUNITIES FUND II, LLC,<br><br>     Plaintiffs,<br><br>   v.<br><br>THE REPUBLIC OF ARGENTINA,<br><br>     Defendant. | No. 10 Civ. 3970 (TPG) |
| BLUE ANGEL CAPITAL I LLC,<br><br>     Plaintiff,<br><br>   v.<br><br>THE REPUBLIC OF ARGENTINA,<br><br>     Defendant. | No. 10 Civ. 4101 (TPG) |

------------------------------------------------------------------------x

BLUE ANGEL CAPITAL I LLC,

                        Plaintiff,

            v.                                  No. 10 Civ. 4782 (TPG)

THE REPUBLIC OF ARGENTINA,

                        Defendant.

------------------------------------------------------------------------

AURELIUS CAPITAL MASTER, LTD. and
AURELIUS OPPORTUNITIES FUND II, LLC,

                        Plaintiffs,

            v.                                  No. 10 Civ. 8339 (TPG)

THE REPUBLIC OF ARGENTINA,

                        Defendant.

------------------------------------------------------------------------x

PLEASE TAKE NOTICE that non-parties Barclays Bank PLC and Barclays Capital Inc. (together, "Barclays") join the motion for a stay of non-parties Citibank, N.A., Citicorp North America Inc., Citicorp USA Inc., Citigroup Global Markets Inc., and Citigroup Inc. (collectively, the "Citi Entities"), filed March 20, 2014 (the "Motion for a Stay").

For the reasons stated by the Citi Entities in the memorandum of law accompanying the Motion for a Stay, Barclays respectfully requests that this Court stay further proceedings and Barclays' discovery obligations under this Court's September 25, 2013 order in the above-captioned proceedings (the "September 25 Order").[1]  In light of the Supreme Court's decision to grant the Republic of Argentina's petition for a writ of *certiorari* to review *EM Ltd. v. Republic of Argentina*, 695 F.3d 201 (2d Cir. 2012), *cert. granted sub nom. Republic of Argentina v. NML Capital, Ltd.*, 134 S.Ct. 895 (2014), and the common issues that exist concerning the subpoenas in that case and the subpoenas issued to Barclays by the plaintiffs in the above-captioned proceedings, a stay is warranted in the interest of judicial economy and to preserve the status quo while the Supreme Court considers important issues of law.  *See Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *Marshel v. AFW Fabric Corp.*, 552 F.2d 471, 472 (2d Cir. 1977).  The Supreme Court's expected decision regarding the proper scope of discovery concerning a sovereign may alter the scope of discovery currently sought from Barclays.  Preserving the status quo is particularly important because the decision may reduce additional burdens to be borne by Barclays, limit disclosure of information concerning the Republic of Argentina, and obviate the need to assess complex legal issues, including issues of foreign law.  Any prejudice to the plaintiffs, moreover, is greatly diminished by the expectation that the

---

[1] While the Citi Entities also seek a stay with respect to an information subpoena dated April 15, 2013 that was served on Citibank, N.A. by counsel for NML Capital, Ltd., Barclays was not served with a similar subpoena.

5

Supreme Court will issue its decision during its current term, which is scheduled to conclude by June 30, 2014.

Barclays, therefore, joins the Motion for a Stay of further proceedings and productions pursuant to the September 25 Order pending the Supreme Court's decision in *Republic of Argentina v. NML Capital, Ltd.* (No. 12-842) regarding the scope of discovery permitted by the Foreign Sovereign Immunities Act.


Dated:   New York, New York
        April 4, 2014

Respectfully submitted,

LINKLATERS LLP

By:   /s/ Lance Croffoot-Suede
     Lance Croffoot-Suede
     (lance.croffoot-suede@linklaters.com)
     Titia A. Holtz
     (titia.holtz@linklaters.com)
     Sterling P.A. Darling, Jr.
     (sterling.darling@linklaters.com)
     1345 Avenue of the Americas
     New York, New York 10105
     (212) 903-9000
     (212) 903-9100 (fax)

*Attorneys for Barclays Bank PLC
and Barclays Capital Inc.*